PROB 12C
Rev 2/03

# United States District Court

## for

## Southern District of Ohio

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Dennis Dean Hensley**      Case Number: **1:02CR00061**
            Address: **Unknown**

Name of Sentencing Judicial Officer: **The Honorable Susan J. Dlott, United States District Judge**

Date of Original Sentence: **October 28, 2002**

Original Offense: **Taking or Carrying Away Firearms form a Federally Licensed Dealer, Class C Felony**

Original Sentence: **46 month(s) prison, 36 month(s) supervised release**

Type of Supervision: **Supervised Release**      Date Supervision Commenced: **September 2, 2005**

Assistant U.S. Attorney: **Terry W. Lehmann**      Defense Attorney: **W. Kelly Johnson**

## PETITIONING THE COURT

[X]  To issue a warrant
[ ]  To issue an Order to Appear and Show Cause
[ ]  To grant an exception to revocation without a hearing.

| Violation Number | Nature of Noncompliance |
| --- | --- |
| #1 No Drug Use | Since being on supervision, Mr. Hensley has tested positive for the use of cocaine on November 16, 2005 and January 10, 2006. He also tested positive while at ADASE, a treatment program on April 24 and May 1, 2006. |
| #2 Special Condition: Placement in residential program | On May 4, 2006, Mr. Hensley was terminated from ADASE for using drugs. |
| #3 Failure to comply with treatment | Mr. Hensley has failed to keep his counseling appointments at Ikron on several occasions. |

**U.S. Probation Officer Recommendation:**

On October 28, 2002, the Court sentenced Mr. Hensley to forty-six months imprisonment followed by three years supervised release after having been charged with Taking or Carrying Away of Firearms from a Federally Licensed Dealer. As a condition of his supervised release, he was ordered to participate in substance abuse and mental health treatment at the direction of the probation officer, not incur any new lines of credit, and pay a $100.00 special assessment fee and a $500.00 fine.

On January 30, 2006, this officer notified the Court that Mr. Hensley was having difficulty abstaining from the use of illegal drugs and was drinking often. He was also missing his substance abuse and mental health counseling sessions. As a result, Mr. Hensley signed Probation Form 49 requesting that his conditions be modified for 90 days to enter a half way house to help him with his problems. The Court agreed, and Mr. Hensley entered Talbert House on February 14, 2006.

On April 13, 2006, this officer notified the Court that while at the halfway house, Mr. Hensley had missed some counseling appointments, but had been working construction for the past several months. He was then informed that the policy of the halfway was that there must be a land line phone where the individual is working. As a result, Mr. Hensley had to either find new employment or be terminated from the halfway house. In Mr. Hensley's case, his boss only had a cell phone and no land line existed at many of the sites where they worked. This officer informed that Court that Mr. Bullard, Mr. Hensley's boss, had been instrumental in helping Mr. Hensley; therefore, this officer did not want Hensley to lose his job and the support of his boss.

On April 12, 2006, the director of the halfway house informed this officer that there was a 90 day residential facility, Cornerstones- ADASE, which is an alcohol and drug addiction treatment program which is next door to the halfway house. Mr. Hensley was accepted into their program beginning on April 17, 2006; however, the program was not as restrictive as the halfway house. Mr. Hensley was able to keep his current job and was required to attend two hours of group counseling a day which is more treatment than he had been receiving at the Talbert House.

Mr. Hensley agreed to enter Cornerstones on his own and realized this will be for an additional 90 days which he thought would be helpful. The Court agreed to allow Mr. Hensley to transfer to Cornerstones for additional help and treatment.

While at Cornerstones, ADASE, this officer met with Mr. Hensley and the director. We discussed Mr. Hensley's problems and this officer was informed that Mr. Hensley used cocaine on April 24, 2006. Everyone was in agreement to continue to work with Mr. Hensley. Unfortunately, Mr. Hensley used again on May 1, 2006 and was terminated from the program. This officer had also been in informed that Mr. Hensley was not keeping his appointments with his psychiatrist or counselor at Ikron for his mental health counseling.

Mr. Hensley was to report to this officer on May 5, 2006, but did not show or call.

At this time, this officer feels everything has been done to try and help Mr. Hensley, but he does not want to help himself. Therefore, it is respectfully recommended that revocation proceeding be initiated on Mr. Hensley.

PROB 12C
Rev 2/03

3

The term of supervision should be
- [X] Revoked.
- [ ] Extended for years, for a total term of years.
- [ ] Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
- [ ] The conditions of supervision should be modified as follows:

I declare under penalty of perjury that          Approved,

the foregoing is true and correct.

Executed on **May 8, 2006**          by

*Darla J. Huffman* (signature)          *John Cole* (signature)

**Darla J. Huffman**          John Cole
U.S. Probation Officer          Supervising U.S. Probation Officer

          Date:    **May 8, 2006**

THE COURT ORDERS:

- [ ] No Action
- [X] The Court finds that there is probable cause to believe the defendant has violated the conditions of his/her probation/supervised release and orders the Issuance of a Warrant for his/her arrest.
- [ ] The Issuance of an Order to Appear and Show Cause
- [ ] The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
- [ ] Other

_____
Signature of Judicial Officer

**May 8, 2006**
Date